IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delanie Ross, | ) No. CV 08-79-PHX-PGR (HCE) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Joseph Arpaio, | ) |
| Respondent. | ) |

Pending before the Court are: (1) Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. No. 1) filed pursuant to 28 U.S.C. §2241; and (2) Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Doc. No. 20). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. §636(B)(1), this matter was referred to the Magistrate Judge for report and recommendation. The Magistrate Judge recommends that the District Court, after independent review of the record, deny Petitioner's Motion to Amend Petition for Writ of Habeas Corpus and deny the Petition as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was arrested on February 3, 2005 for criminal offenses[1] in Maricopa County Superior Court case No. CR2005-006706. (Petition, p.2). On January 24, 2008, Petitioner,

---

[1] The exact charges which Petitioner faced on February 3, 2005 are unclear on the instant record. The record does reflect that the indictment alleged an overall scheme to defraud and that Petitioner's case was designated as a complex case. (Answer (Doc. No.12), Exh. A, p.2 & Exh. C, p.2).

along with co-petitioner Veronica Ross, filed the instant Petition pursuant to 28 U.S.C. § 2241 seeking pretrial relief for violation of their speedy trial rights. Petitioners further indicated that the prosecutor had made false avowals regarding the last day under the speedy trial clock.

On May, 15, 2008, the Court, *inter alia,:* (1) dismissed co-petitioner Veronica Ross because she pled guilty and was sentenced after the Petition in this case was filed; and (2) directed service of Petitioner's Petition on Respondent. (Doc. No. 8).

On July 2, 2008, Respondent filed his Answer (Doc. No. 12) wherein he asserts that the Petition is moot and, alternatively, should be denied for failure to exhaust.

On July 14, 2008, Petitioner filed his Reply (Doc. No. 14).[2]

On April 14, 2009, Petitioner filed a Motion to Amend Petition for Writ of Habeas Corpus (Doc. No. 20).

**II.    DISCUSSION**

    A.    Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241

As discussed in the Court's May 15, 2008 Order, challenges to pre-trial incarceration may be brought pursuant to 28 U.S.C. §2241(c)(3), which provides that the writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also McNeeley v. Blanas,* 336 F.3d 822, 824 n.1 (9th Cir. 2003); *Carden v. State of Montana,* 626 F.2d 82, 83 (9th Cir. 1980). However, the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971) prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The *Younger* abstention doctrine also applies while a case is on appeal. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,* 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will an exception to the *Younger* abstention doctrine

---

[2]Petitioner's Reply, in part, takes issue with the timeliness of Respondent's Answer. The matter of the timeliness of Respondent's Answer was resolved by the Court on February 13, 2009. (Doc. No.18) (*inter alia,* granting Respondent's request for extension).

1  be found to permit federal intervention with pre-trial or ongoing (non-final) state criminal
2  proceedings. *See Mannes v. Gillespie,* 967 F.2d 1310, 1312 (9th Cir. 1992) ("A claim that
3  a state prosecution will violate the Double Jeopardy Clause presents an exception to the
4  general rule of *Younger v. Harris*....requiring federal courts to abstain from interfering with
5  pending state criminal proceedings."). With regard to review of speedy trial claims by pre-
6  trial detainees, the Supreme Court has held that such a claim may be reviewed if a detainee
7  is seeking to compel the state to bring him to trial. *See Braden v. 30th Judicial Circuit of*
8  *Kentucky,* 410 U.S. 484, 489-490 (1973) (speedy trial claims may be reviewed pursuant to
9  28 U.S.C. § 2241(c)(3) if a detainee is seeking to compel the state to bring him to trial, rather
10 than seeking dismissal of the charges, and the detainee has exhausted all his state court
11 remedies).

12 Respondent herein argues that the Petition is moot. Respondent points out that on
13 June 13, 2008, the state trial court granted Petitioner's February 11, 2008 Motion to Remand
14 and remanded all charges to the grand jury.³ (Answer, pp.2-3 & Exh. A, p.2). Respondent
15 argues that in light of the state court's June 13, 2008 order remanding the matter to the grand
16 jury, "Petitioner is not subject to trial unless a new indictment is returned by the grand
17 jury....Therefore Petitioner has no current Sixth Amendment right to a speedy trial in case
18 CR2005-006706." (Answer, pp.2-3 (*citing* Exh.A, p.4; *U.S. v. Wallace,* 848 F.2d 1464, 1469
19 (9th Cir. 1988) (holding that once an indictment is dismissed, the defendant is no longer
20 subject to trial and, thus, the defendant's "Sixth Amendment right to a speedy trial had no
21 application to the delay between her initial arrest and the dismissal.")).

---

³The state court further ordered, in pertinent part, that:
> Should a new indictment be returned, the State and the defendant are directed to timely file a motion for complex re-designation, if they so choose and depending on the charge(s) in the new indictment. The parties are further directed that, if there is a new indictment, to set the *matter...for an immediate scheduling conference within 20 days following arraignment*, given the fact that discovery is complete or nearly so and reasonably early trial date should be set.

(Answer, Exh. A, p.4) (emphasis in original).

| | |
|---|---|
| 1 | Petitioner argues that the State filed a Petition for Special Action to vacate the trial |
| 2 | court's June 13, 2008 order remanding the case to the grand jury and that a ruling on that |
| 3 | matter was scheduled for July 15, 2008. (Reply, p.3). He also argues that even if the Petition |
| 4 | for Special Action is denied, |

> any subsequent indictment will only result in a continuation of the speedy trial (Sixth Amendment) violation at bar for disposition in the District Court. Short of dismissal in the State Superior Court, the current Writ, at bar, is ripe for disposition after 7/15/08 ruling by [sic] Arizona Court of Appeals; pursuant to the fact that any ruling by the Court of Appeals will not result in dismissal....Further, upon ruling to deny State's petition, the State will have no more than seven (7) days to obtain a grand jury remand indictment. As such, pursuant to a denial of State's petition, the petitioner moves the Honorable Court stay its disposition until it is noticed that a "true bill" has been returned and, if so, then to consider the Writ at issue and to render disposition on all issues inherent that are now at bar.

(*Id.*).

The state record reflects that the Arizona Court of Appeals declined jurisdiction of the Special Action.[4] (*See* state court's July 30, 2008 Minute Entry (www.courtminutes.maricopa.gov)[5]; statue court's July 30, 2008 docket at www.superiorcourt.maricopa.gov/docket).[6] On July 30, 2008, the state trial court affirmed Petitioner's September 29, 2008 trial date. (*See* state court's July 30, 2008 Minute Entry). The trial was ultimately continued to November 3, 2008. (*See* state court's October 17, 2008 Minute Entry).

In November 2008, Petitioner was tried before a jury and found guilty of 3 counts of Fraudulent Schemes and Artifices (Counts I, III and IV), and one count of Theft (Count V). (*See* state court's November 20, 2008 Minute Entry; Petitioner's Motion to Amend Petition

---

[4] The Court takes judicial notice of state court records pertinent to Petitioner's underlying criminal case obtained from the case information databases of the official government website of the Maricopa County Superior Court. *See* Fed.R.Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record).

[5] All state court minute entries cited herein can be located at this website.

[6] All state court docket entries cited herein can be located at this website.

| | |
|---|---|
| 1 | for Writ of Habeas Corpus). The jury found Petitioner not guilty of one count of Fraudulent |
| 2 | Schemes and Artifices as alleged in Count II of the Indictment. (*See* state court's November |
| 3 | 20, 2008 Minute Entry). On July 17, 2009, Petitioner was sentenced to 15.75 years of |
| 4 | imprisonment for each count to be served concurrently, and the court retained jurisdiction |
| 5 | for any future restitution hearings. (*See* state court's July 17, 2009 Minute Entry). On |
| 6 | August 5, 2009, the trial court noted receipt of Petitioner's Rule 32 Notice of Post- |
| 7 | Conviction Relief and appointed counsel for same. (*See* state court's August 5, 2009 Minute |
| 8 | Entry). On August 25, 2009 Petitioner filed a Notice of Appeal in the state case and on |
| 9 | September 10, 2009, the trial court granted Petitioner's motion to file a delayed appeal, |
| 10 | appointed counsel for same, and dismissed without prejudice Petitioner's Rule 32 proceeding |
| 11 | pending his appeal. (*See* state court's August 25, 2009 docket entry; state court's September |
| 12 | 10, 2009 Minute Entry). Thereafter, the trial court set a restitution hearing and hearing on |
| 13 | post-trial motions for November 6, 2009. (*See* state court's October 7, 2009 Minute Entry). |

Petitioner also requests that this Court grant him leave to file an amended habeas petition based upon the fact that he was "tried in November of 2008 in the State Superior Court after a Speedy Trial violation had attached in violation of the time limits and guarantees of the Arizona Rules of Criminal Procedures [sic] and thereby, the Speedy Trial guarantees of the U.S. Constitution." (Motion to Amend Petition for Writ of Habeas Corpus, p.2). Petitioner argues that the case does not need "to be 're-briefed'...and only allows the Honorable Court to consider and grant a broader range of relief..." based upon his conviction. (*Id.*). Petitioner also requests leave to amend the Petition "only as to the relief requested to specifically request that the Honorable Court grant dismissal with prejudice of the charges in CR2005-006706...pursuant to a Speedy Trial violation and/or any and all other relief to which Petitioner is entitled." (*Id.* at p.3).

In light of Petitioner's November 2008 trial and conviction, Petitioner's requested relief is no longer to compel the state to bring him to trial. As reflected in Petitioner's Motion to Amend Petition for Writ of Habeas Corpus, Petitioner's request has now transformed into seeking "dismissal with prejudice of the charges in CR2005-

006706...pursuant to a Speedy Trial violation...." (Motion to Amend Petition for Writ of Habeas Corpus, p.2). The fact that Petitioner now seeks dismissal of the state charges based upon speedy trial grounds brings this case outside of the purview of *Braden.* Thus, the habeas relief sought by Petitioner in the pending Petition, *i.e.*, to be brought to trial, is moot. *See United States Parole Commission v. Geraghty,* 445 U.S. 388, 395, 396 (1980) (a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *see also Yohey v. Collins,* 985 F.2d 222, 228-229 (5th Cir. 1993) (claims seeking federal habeas relief for pretrial issues were mooted by petitioner's subsequent conviction). *Medina v. State of California,* 429 F.2d 1392, 1393 (9th Cir. 1970) (petition for writ of habeas corpus regarding revocation of bail was mooted by petitioner's subsequent conviction).

B.    Petitioner's Motion to Amend Petition for Writ of Habeas Corpus

On April 14, 2009, Petitioner filed a Motion to Amend his Petition in light his November 2008 state court conviction. Petitioner indicates, *inter alia,* that he seeks dismissal of the state criminal case on grounds of speedy trial violation.

LR Civ 15.1 of the Rules of Practice of the U.S. District Court for the District of Arizona requires that the party seeking leave to amend a pleading "must attach a copy of the proposed amended pleading as an exhibit to the motion, which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LR Civ 15.1(a). Additionally, the moving party must also "lodge with the Clerk of Court an original of the proposed amended pleading." LR Civ 15.1(b). Petitioner did not provide a copy of the proposed amended pleading nor did he lodge a copy of same as required.

In addition to Petitioner's failure to comply with the Local Rules, Petitioner's request to amend his Petition is also problematic given his state conviction and sentencing, his pending state appeal, and his request that this Court dismiss the state charges. As discussed *supra*, at II.A., Petitioner's pending Petition was filed pursuant to 28 U.S.C. §2241 which conferred jurisdiction on this Court to address Petitioner's challenge to pre-trial

incarceration. However, now that Petitioner is in custody pursuant to the state conviction which he now wishes to amend his Petition to challenge as unconstitutional, 28 U.S.C. "§2254 is the exclusive avenue for..." such a challenge. *White v. Lambert,* 370 F.3d 1002, 1007 (9th Cir. 2004) ("section 2254 is the exclusive avenue for a state court prisoner [as opposed to pretrial detainee] to challenge the constitutionality of his detention...."). Thus, the Court's "'authority to grant habeas relief to state prisoners [like Petitioner herein] is limited by section 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a State court.'" *Id.* (*quoting Felker v. Turpin,* 518 U.S. 651, 662 (1996)). Consequently, any amended petition in Petitioner's case must be filed pursuant to 28 U.S.C. §2254.

"The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus under 28 U.S.C. § 2254." *Krier v. Pacholke*, 2008 WL 2545618 *4 (W.D. Wash. 2008) (*citing* 28 U.S.C. §2254(b)(1)). *See also Rose v. Lundy,* 455 U.S. 509 (1982) (a district court may not entertain a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised). Although a respondent may waive the exhaustion requirement, such waiver must be explicit. 28 U.S.C. §2254(b)(3). The failure to exhaust subjects the petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983); *see also Rose,* 455 U.S. 509.

The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Exhaustion generally requires that a prisoner provide the state courts an opportunity to act on his claims before he presents those claims to a federal court. *Id.* A petitioner has not exhausted a claim for relief so long as the petitioner has a right under state law to raise the claim by available procedure. *See Id.*; 28 U.S.C. § 2254(c). To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court...thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995).

Furthermore, to satisfy the exhaustion requirement, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845. In Arizona cases, like Petitioner's, that do not involve life sentences or capital cases, the claims of Arizona state prisoners are exhausted if they have been fairly presented to the Arizona Court of Appeals either on appeal of conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2000).

The state court record herein reflects that the Petitioner was granted leave to file a delayed appeal and that he filed a delayed Notice of Appeal in August 2009. (*See* state court's August 25, 2009 docket entry; state court's September 10, 2009 Minute Entry).

If a prisoner has a direct appeal or post-conviction proceedings pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.2d at 634 (footnote omitted). The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

In light of Petitioner's pending direct appeal, any amended petition would be premature and, therefore, must be dismissed. *See id.; Schnepp*, 333 F.2d at 288. Consequently, Petitioner's Motion to Amend Petition for Writ of Habeas Corpus should be denied.

### III. CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 is moot. Because Petitioner's attempt to amend the Petition to challenge his state conviction is premature in light of his pending state appeal, his Motion to Amend Petition should be

denied and this action should be dismissed. Petitioner is not totally foreclosed from a federal forum to assert his claims. Instead, he must first pursue the usual route of exhaustion before seeking federal habeas review of his state court conviction.

## IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review: (1) deny Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Doc. No. 20); and (2) deny Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1) as moot.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 08-79-PHX-PGR.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 20th day of October, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge